# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.     5:24-cv-01708-PA-AJR                               Date: August 19, 2024
                                                                Page 1 of 4

Title:     Divine Son Irvis v. J. Doerer, Warden

---

DOCKET ENTRY:     **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION**

---

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| Claudia Garcia-Marquez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PETITIONER:         ATTORNEYS PRESENT FOR RESPONDENT:

None Present                                                    None Present

**PROCEEDINGS:  (IN CHAMBERS)**

On August 8, 2024, Divine Son Irvis ("Petitioner"), a federal prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 (the "Petition"). (Dkt. 1.) Petitioner is currently incarcerated at FCI Victorville Medium II based on a 2015 conviction and sentence in the U.S. District Court for the Western District of Washington. (Id. at 2.)[1] In the Petition, Petitioner is clear that he is not challenging his conviction or sentence. (Id.) Instead, Petitioner is trying to challenge the Bureau of Prison's ("BOP") denial of Petitioner's placement in a halfway house for the last twelve months of his sentence. (Id. at 3.) Petitioner contends that he is entitled to 12 months of placement in a halfway house pursuant to 18 U.S.C. § 3624(c) and seeks an Order from this Court directing Respondent Warden J. Doerer ("Respondent") to place Petitioner in a halfway house for the last twelve months of his sentence, which would be from October 12, 2024 through October 12, 2025. (Id. at 3-4.)

---

[1] Because the Petition and its attachments are not consecutively paginated, the Court cites to the CM/ECF pagination in the upper right corner of each page.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.    5:24-cv-01708-PA-AJR                                        Date: August 19, 2024
                                                                                            Page 2 of 4

Title:    Divine Son Irvis v. J. Doerer, Warden

---

"Section 2241 embodies the traditional writ of habeas corpus, permitting an individual to challenge the legality of his custody . . . ." Woods v. Carey, 525 F.3d 886, 889 n.2 (9th Cir. 2008). Section 2241 permits a prisoner to challenge the manner in which the BOP is executing their sentence. See, e.g., Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). To receive relief under 28 U.S.C. § 2241, a prisoner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending that time spent in state custody should be credited toward federal custody); Brown, 610 F.2d at 677 (challenging the content of an inaccurate pre-sentence report used to deny parole).

Here, Petitioner contends that he is entitled to 12 months of placement in a halfway house pursuant to 18 U.S.C. § 3624(c). (Dkt. 1 at 3-4.) However, under the current version of 18 U.S.C. § 3624(c), as amended by the Second Chance Act of 2007, the BOP is authorized to consider placing an inmate in a community correctional facility for up to twelve months. See 18 U.S.C. § 3624(c); Kornfeld v. Puentes, 2019 WL 1004578, at *3 (E.D. Cal. Mar. 1, 2019). A prisoner is neither entitled to nor guaranteed such placement for any minimum amount of time. See 18 U.S.C. § 3624(c); Berry v. Sanders, 2009 WL 789890, at *6-7 (C.D. Cal. March 20, 2009); Guss v. Sanders, 2009 WL 5196153, at *3 (C.D. Cal. Dec. 29, 2009). Instead, the determination of whether an inmate is eligible for placement in a halfway house is within the sole discretion of the BOP. See Reeb v. Thomas, 636 F.3d 1224, 1228 (9th Cir. 2011) ("[W]e hold that federal courts lack jurisdiction to review the BOP's individualized RDAP determinations made pursuant to 18 U.S.C. § 3621, such as Reeb's claim herein."); Mohsen v. Graber, 583 F. App'x 841, 842 (9th Cir. 2014) (applying Reeb in the context of individualized determination concerning eligibility for residential reentry center under § 3621).

Moreover, 18 U.S.C. § 3625 instructs that the provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 554, 55, and 701–706, "do not apply to the making of any determination, decision, or order under this subchapter." The Ninth Circuit has held that 18 U.S.C. § 3625 unambiguously prohibits application of the APA to any "determination, decision, or order made pursuant to 18 U.S.C. §§ 3621-3624." Reeb, 636

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.    5:24-cv-01708-PA-AJR                          Date:  August 19, 2024
                                                          Page 3 of 4

Title:      Divine Son Irvis v. J. Doerer, Warden

F.3d at 1227.  "To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625."  Id.  "Accordingly, any substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court. The BOP's substantive decisions to remove particular inmates from the RDAP program are likewise not subject to judicial review."  Id.

       Thus, it appears that this Court lacks jurisdiction to consider Petitioner's challenge to the BOP's discretionary decision not to place Petitioner in a halfway house.  See, e.g., Poole v. Lothrop, 2019 WL 2028993, at *7 (D. Ariz. Feb. 26, 2019), report and recommendation adopted, 2019 WL 2027939 (D. Ariz. May 8, 2019); Kornfeld, 2019 WL 1004578, at *3; Rizzolo v. Puentes, 2019 WL 1229772, at *3 (E.D. Cal. Mar. 15, 2019); Chester v. Carr, 2018 WL 5862823, at *2–3 (C.D. Cal. July 10, 2018); Neal v. Sanders, 2009 WL 4906535, at *6–7 (C.D. Cal. Dec. 18, 2009).

       Petitioner is therefore **ORDERED TO SHOW CAUSE,** by **September 9, 2024**, why this action should not be dismissed for lack of jurisdiction.  **Petitioner may satisfy this Order by filing a declaration, signed under penalty of perjury, setting forth any reason why this Court has jurisdiction to consider Petitioner's claims in the Petition.**

       **Petitioner is expressly warned that failure to timely file a response to this Order may result in a recommendation that this action be dismissed for his failure to comply with Court orders and failure to prosecute.  See Fed. R. Civ. P. 41(b).**  Petitioner is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  **A form Notice of Dismissal is attached for Petitioner's convenience.**

\\

\\

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 5:24-cv-01708-PA-AJR | Date:  August 19, 2024 |
| | | Page 4 of 4 |

Title: <u>Divine Son Irvis v. J. Doerer, Warden</u>

      IT IS SO ORDERED.

<u>Attachment:</u>
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).